UNITED STATES of America,
Plaintiff–Appellee,

v.

Jennifer Lynn DEVEREAUX,
Defendant–Appellant.

No. 06–30535.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2007.*

Filed June 13, 2007.

Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: B. FLETCHER, PREGERSON, and IKUTA, Circuit Judges.

## MEMORANDUM **

A federal grand jury returned an indictment against Jennifer Lynn Devereaux charging her with conspiracy to distribute over 50 grams of methamphetamine, in violation of 21 U.S.C. § 846, and possession of more than 50 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At the conclusion of the trial, Devereaux proposed a special verdict form that would require the jury to make a finding with respect to the mixture of the substance containing methamphetamine, as well as the amount of pure methamphetamine. The district court rejected Devereaux's proposed special verdict form and instructed the jury to find the quantity of pure methamphetamine beyond a reasonable doubt. The jury convicted Devereaux on both counts. The jury determined that Devereaux was responsible for conspiring to distribute and for possession with intent to distribute 92.14 grams of pure methamphetamine. The district court sentenced her to 240–months imprisonment followed by ten years of supervised release.

On appeal, Devereaux contends that the district court improperly refused to give her proposed special verdict form. She also argues that the district court committed an error under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it refused to submit the issue of drug quantity to the jury. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provid-

The district court had complete discretion to determine the form of a special verdict as long as it was an accurate reflection of the law. *Floyd v. Laws,* 929 F.2d 1390, 1395 (9th Cir.1991). Here, the verdict form accurately reflected the law. Accordingly, it did not err when it refused Devereaux's proffered verdict form. Moreover, the error, if any, would necessarily be harmless because the jury determined beyond a reasonable doubt that Devereaux was responsible for conspiring to distribute and possessing with intent to distribute 92.14 grams of pure methamphetamine.

Here, the disputed drug quantity affects only the mandatory minimum sentence. Thus, there could have been no *Apprendi* error. *See Harris v. United States,* 536 U.S. 545, 557–60, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (rejecting the argument that *Apprendi* applies to mandatory minimums).